```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOSE A. AYUSO                 :    Civ. No. 3:17CV00776(AWT)
                              :
v.                            :
                              :
BUTKIEWIEUS, et al.           :    March 11, 2019
                              :
------------------------------x
```

**RULING ON MOTION TO COMPEL DISCOVERY [Doc. #105]**

Self-represented plaintiff Jose A. Ayuso ("plaintiff") has filed a "Motion for Pre-Trial Evidentiary Hearing (In Camera Review)" seeking in camera review of documents produced by defendant Lieutenant Roy ("defendant" or "Roy") in response to plaintiff's requests for production ("RFP") dated July 13, 2018. Doc. #105. In that motion, plaintiff also seeks production of additional materials. See id. at 2, 4. Accordingly, the Court construes plaintiff's motion as a motion to compel additional production of documents. Defendant did not object to the motion, and on January 22, 2019, this Court agreed to conduct the requested in camera review. See Doc. #114. For the reasons set forth below, the Court **DENIES, in large part**, **and GRANTS, in part,** plaintiff's motion to compel [**Doc. #105**].

## I. Background

Plaintiff, a prisoner, brings this action pursuant to 42 U.S.C. §1983, alleging violations of the First and Eighth

1

Amendments to the United States Constitution by correctional officials working at MacDougall Correctional Institute. See generally Doc. #54. Specifically, plaintiff brings: "(1) [a] First Amendment retaliation claim ... against defendants Butkiewieus and Roy and (2) an Eighth Amendment deliberate indifference claim against defendants Melendez and Bosque related to the confiscation and retention of the plaintiff's eyeglasses[.]" Doc. #43. Plaintiff alleges a violation of his rights under the First Amendment based on alleged retaliation against plaintiff for a grievance he filed on January 12, 2015, in response to a "shakedown" of his cell conducted in December 2014, which resulted in confiscation of his property. See Doc. #54 at 5, 11. Plaintiff also claims that he was threatened with the issuance of a disciplinary report, which would result in the loss of privileges, if plaintiff did not become an informant for Roy and Butkiewieus. See id. at 6-9, 14. Additional details regarding plaintiff's claims are set forth in the Court's ruling on plaintiff's first motion to compel. See Doc. #93 at 1-4.

As relevant to the instant motion, on July 24, 2018, counsel for defendant received a set of requests for production from plaintiff. See Doc. #80 at 22, n.1. Defendant, after an extension of time was granted, provided his responses and objections to plaintiff on September 24, 2018. See id. Plaintiff argued that defendant's responses were insufficient to meet his

discovery obligations and filed a motion to compel production of additional materials. See Doc. #80. Following this Court's November 14, 2018, order granting, in part, plaintiff's first motion to compel, see Doc. #93, defendant provided plaintiff with supplemental responses. See Doc. #116; Doc. #117.

On December 27, 2018, plaintiff filed the instant motion seeking an in camera review of the supplemental responses provided by defendant. See Doc. #105. This Court granted plaintiff's request for in camera review on January 22, 2019, absent objection, see Doc. #114, and defendant subsequently provided the Court with separate redacted and unredacted copies of all material provided to plaintiff in response to plaintiff's July 24, 2018, requests for production, see Doc. #116; Doc. #117; Doc. #118; Doc. #119. Documents #116 and #117 are copies of the materials plaintiff received in response to his request for production; Documents #118 and #119 are unredacted versions, which have not been provided to plaintiff.[1]

---

[1] When referring to the contents of Doc. #117, Doc. #118, and Doc. #119, the Court refers to the terminal digits of the Bates numbers, which appear at the bottom of each page. As to all other documents, the Court refers to the ECF numbers at the top of each page. As to Doc. #117, the Court notes that it appears as though one page of the document Bates numbered 915-939, which was properly withheld on the basis of attorney-client privilege, is missing. The Bates numbers in this document are not visible, so the Court cannot tell exactly which page is missing. The full contents of that document were provided to the Court in Doc. #118 at ECF page numbers 72-96, and, as discussed below, the

**II.  Legal Standard**

Plaintiff contends that the responses defendant has produced to date do not satisfy his discovery obligations, and moves to compel additional production. See generally Doc. #105.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance [is] on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation and quotation marks omitted), as amended (June 15, 2016). "'Relevance' under Rule 26(b)(1) of the Federal Rules of Civil Procedure has been construed broadly to include 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn.

---

Court has concluded that that entire document was properly withheld.

2011) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)). Once the party seeking discovery has demonstrated relevance, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." <u>Cole v. Towers Perrin Forster & Crosby</u>, 256 F.R.D. 79, 80 (D. Conn. 2009).

**III. Discussion**

Plaintiff's motion seeks review of the redacted contents of documents produced in response to RFP #11 and #14, and alleges that defendant's responses to RFP #1, #2, #3, #5, #6, #8, #10, #15, and #18 are insufficient.[2] <u>See</u> <u>generally</u> Doc. #105.

As a threshold matter, the Court notes that plaintiff appears to be under the impression that the contents of Doc. #117, which is defendant's December 12, 2018, redacted response to RFP #11 and #14, are intended to be responsive to <u>all</u> of the July 24, 2018, requests for production. Plaintiff raises objections to various responses by defendant on the ground that plaintiff is unable to determine if the responses are complete due to the heavy redaction. <u>See</u> <u>e.g.</u> Doc. #105 at 3 (noting concerns related to redaction of documents related to RFP #3, #5, #6, and #8).

Defendant has provided plaintiff with additional unredacted materials, and has both provided and identified documents

---

[2] Plaintiff does not seek additional production related to RFP #4, #7, #9, #12, #13, #16, or #17. <u>See</u> Doc. #105 at 3-5.

5

specific to the requests for production as to which the Court granted plaintiff's fist motion to compel. See generally Doc. #116 at 75-99. Doc. #117 is responsive only to RFP #11 and #14. See Doc. #116 at 100. Defendant's supplemental responses to other requests for production, made on December 4, 2018, are contained at pages 75 to 99 of Doc. #116.

In response to RFP #5, #6, #8, #10, and #18, defendant states either that he is not in possession of any responsive materials at all, or that he has provided all responsive materials in his possession. See Doc. #116 at 78-80, 83. The Court accepts these representations and finds that no further response is necessary. See Mirmina v. Genpact LLC, No. 3:16CV00614(AWT)(SALM), 2017 WL 3189027, at * 2 (D. Conn. July 27, 2017) (collecting authorities). Accordingly, plaintiff's motion to compel with respect to these requests for production is **DENIED**.

The other outstanding requests for production fall broadly into two categories. As to both sets of requests, "Defendant Roy maintains all objections raised in his prior response dated September 24, 2018." Id. at 75.

   **a. RFP #1, #2, #3, and #15**

As to RFP #1, #2, #3, and #15, defendant has supplemented his responses, but has not stated whether he has additional responsive material in his possession, custody, or control, nor

6

whether other responsive material exists. See Doc. #116 at 75-77, 82. As to these four requests, no privilege log has been produced.

As he has been previously advised, defendant cannot merely assert an objection and withhold relevant material; if he "asserts a privilege, or seeks to redact materials on the grounds of safety and security concerns, <u>a privilege log must be produced</u>." Doc. #93 at 6-7, 9 (emphasis added). Defendant shall supplement his responses to RFP #1, #2, #3, and #15 to confirm whether any additional responsive materials exist, and provide a privilege log if appropriate.

Plaintiff also raises specific concerns regarding two documents, relevant to RFP #1 and #15. See Doc. #105 at 2, 6. Plaintiff alleges that he was issued a disciplinary report on December 19, 2014, and that property was taken from him on that same date, and that a receipt should have been generated following that confiscation. See id. No such disciplinary report or property receipt has been produced.

With respect to <u>RFP #1</u>, the request relevant to the disciplinary report, plaintiff states: "Defendants produced records of disciplinary reports, but have not provided the disciplinary report dated December 19, 2014[.]" Doc. #105 at 2. No disciplinary report from December 2014 has been produced. As the Court previously stated: "This case relates directly and

specifically to events beginning in December 2014, and to disciplinary reports issued and actions taken thereafter. Accordingly, disciplinary records including reports and hearing materials, regarding plaintiff, relating to events occurring on or after December 1, 2014, are relevant and shall be disclosed." Doc. #93 at 5-6. If no disciplinary report was issued to plaintiff in December 2014, or no such report can be located, defendant shall expressly confirm that fact in a sworn response.

With respect to RFP #15, the request relevant to the property receipts, defendant was required to provide "documentation and receipts related to property taken from plaintiff on December 19, 2014 ... <u>if no such materials exist related to those dates, defendant shall expressly confirm that fact in a sworn response.</u>" Doc. #93 at 13 (emphasis added). In response to this Court's order, defendant produced "Inmate Property Inventory Forms dated 7/30/15[.]" Doc. #116 at 82, 97-99. This is the only supplemental production produced by defendant in response to RFP #15.[3] See Doc. #116 at 82. Defendant

---

[3] Defendant has provided, in his supplemental response to RFP #3, documentation related to items "Returned to Inmate" on December 19, 2014, and "Returned to Inmate" or "Discarded" on December 29, 2014. See Doc. #116 at 89-96. Defendant also produced two "Inmate Property Inventory Form[s]" with illegible dates. See Doc. #116 at 97-98. Defendant claims that these items are "dated 12/29/14." Doc. #116 at 77. If defendant asserts that these materials are also responsive to RFP #15, he should expressly reference them in that response as well.

8

has made no supplemental response relating to property allegedly taken on December 19, 2014. Defendant shall comply with this Court's order: "[I]f no such materials exist related to those dates, defendant shall expressly confirm that fact in a sworn response." Doc. #93 at 13.

**b. RFP #11 and #14**

As to RFP #11 and #14, Defendant has produced close to 1,800 pages of allegedly responsive, but heavily redacted, material along with a privilege log. See generally Doc. #117, Doc. #116 at 101-119. Again, Defendant has not stated whether he has additional responsive material in his possession, custody, or control, nor whether other responsive material exists. See Doc. #116 at 101-119. As noted above, "Defendant Roy maintains all objections raised in his prior response dated September 24, 2018." Id. at 75.

As previously advised, defendant cannot merely assert an objection and withhold relevant material; if he "asserts a privilege, or seeks to redact materials on the grounds of safety and security concerns, a privilege log must be produced." Doc. #93 at 6-7, 9 (emphasis added). Defendant shall supplement his responses to RFP #11 and #14 to confirm whether any additional responsive materials exist, and provide a supplemental privilege log if appropriate.

9

As to the documents for which a privilege log was produced, defendant raises two grounds for withholding or redacting the documents at issue: (1) Attorney-Client Privilege and (2) Safety and Security Concerns. See Doc. #116 at 101-119. The Court will address these objections in turn.

    i. <u>Attorney Client Privilege</u>

"A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." <u>In re Cty. of Erie</u>, 473 F.3d 413, 419 (2d Cir. 2007). "In civil suits between private litigants and government agencies, the attorney-client privilege protects most confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance.[4]" <u>Id.</u> at 418 (footnote in original).

---

[4] As the Second Circuit has stated:
> Certain limitations to the government attorney-client privilege, not implicated here, may render an otherwise protectable communication unprotected. See <u>Nat'l Council of La Raza[ v. Dep't of Justice]</u>, 411 F.3d [350, 360–61 (2d Cir. 2005)] (holding that the government could not invoke the attorney-client privilege to bar disclosure of a legal memorandum where the government had incorporated it into its policy by repeatedly, publicly and expressly relying upon its reasoning and had adopted its reasoning as authoritative within the agency); see also <u>Niemeier v. Watergate Special Prosecution Force</u>, 565 F.2d 967, 974 (7th Cir. 1977); <u>Falcone v. IRS</u>, 479 F.Supp. 985, 989–90 (E.D. Mich. 1979).

The following pages were withheld from plaintiff on the basis of attorney-client privilege: Bates 759-765, 776-805, 915-939, 991-1072, 1096-1151, and 1658-1768. The Court has reviewed all of these pages and agrees with defendant. These pages contain communications between Department of Corrections employees and the Assistant Attorney General representing the defendants in this case, distributing and discussing case filings and discovery requests. These communications fall squarely within the attorney-client privilege and are not discoverable.

    ii.    Safety and Security

Defendant's remaining productions were redacted or withheld on the grounds of "Safety and security[.]" Doc. #116 at 101-119. In reviewing documents withheld for this reason, the Court bears in mind that the Department of Correction "is likely to have a better understanding of security risks than a prisoner." Lopez v. McEwan, No. 3:08CV0678(JCH), 2010 WL 537744, at *3 (D. Conn. Feb. 12, 2010). As to relevant documents, however, defendant, as "[t]he party resisting discovery[,] bears the burden of showing why discovery should be denied." Cole, 256 F.R.D. at 80.

While the vast majority of documents were redacted rather than withheld, hundreds of pages were redacted in their

---

In re Cty. of Erie, 473 F.3d 413, 418 n.5 (2d Cir. 2007).

entirety. The bulk of those fully redacted pages, specifically Bates numbers 22-379, 386-389, 397-417, 420-424, 427-499, 519-619, 623-755, 756-758, 766-775, 806-838, 844-872, 880-884, 887-899, 907-914, 944-979, 983-990, 1152-1348-1381, 1384-1404, 1407-1520, and 1522-1657, contain spreadsheets detailing personal information of prisoners. Plaintiff's name appears on some, but not all, of these lists. The lists were sent by e-mail, and the first names of prison staff who sent or received the e-mail with the attachments have been redacted as well. The e-mails contain only a subject line; there is no content in the body of the e-mails. The substantive content is contained in the spreadsheets attached to the e-mails.

The Court has already denied plaintiff's requests for documents identifying other inmates generally as irrelevant to this action. See Doc. #93 at 8. Following its review of these documents specifically, the Court finds that the redactions are appropriate, and that the potential safety and security concerns of disclosing this information to plaintiff outweigh any potential relevance they may have. See Darazs v. Dzurenda, No. 3:14CV01330(JCH), 2016 WL 1732718, at *2 (D. Conn. Apr. 29, 2016) (finding production of documents "redacted to conceal the personal and identifying information of inmates not involved in the subject incident" sufficient to meet defendant's discovery obligations). Accordingly, to the extent that plaintiff seeks to

compel additional production of, or to remove redaction from, these documents, that request is **DENIED**.

Bates numbers 1-11, 13-17, 21, 380-385, 390-396, 418-419, 425-426, 500-507, 509-510, 512-514, 516-518, 620-622, 839-843, 873-874, 875-879, 885-886, 900-906, 940-943, 980-982, 1073-1095, 1382-1383, 1405-1406, and 1521 were provided to plaintiff with some redactions. Specifically, in addition to the names of other prisoners, certain personal information (such as the first names), of prison staff has been redacted. Defendant contends these redactions are appropriate to address safety and security concerns. Courts in this district have routinely decided, absent a specific need for further identifying information, that "the release of that information would pose a threat to the security of other inmates and staff" and such "redactions are appropriate." Daniels v. Murphy, No. 3:11CV286(SRU), 2013 WL 587005, at *4 (D. Conn. Feb. 12, 2013); see also Darazs, 2016 WL 1732718, at *2.

Plaintiff has access to the bulk of the content of these pages, but has not raised any specific argument that an individual name or any individual document should not be redacted. This case does not involve the need to identify any unknown defendants or witnesses. See Doc. #93 at 7-9. The Court has reviewed these pages and sees no basis for further disclosures. Accordingly, to the extent that plaintiff seeks to

13

compel additional production of, or to remove redaction from, these documents, that request is **DENIED**.

The remaining seven pages, Bates numbers 12, 18-20, 508, 511, and 515, were withheld due to "Safety and security[.]" Doc. #116 at 101-108. The Court has reviewed these pages in detail, and concluded that they need not be disclosed. In particular, these materials fall outside the time range of the "period between December 1, 2014, and December 31, 2015[,]" Doc. #93 at 12-13, which was a restriction previously imposed by the Court. Additionally, these documents do not have any apparent relevance to the events described in the third amended complaint. Accordingly, to the extent that plaintiff seeks to compel the production of these documents, that request is **DENIED**.

**IV. Conclusion**

For the reasons set forth herein, the Court **DENIES, in large part**, **and GRANTS, in part,** plaintiff's motion to compel discovery [**Doc. #105**]. In summary:

1. As to RFP #1, #2, #3, and #15, generally, defendant shall supplement his responses to confirm whether any additional responsive materials exist, and provide a privilege log if appropriate.

2. As to RFP #1, specifically, defendant shall provide any disciplinary report(s) issued to plaintiff in December 2014. If no such report exists, or none can be located, defendant shall confirm that fact in a sworn response.

3. As to RFP #11 and #14, defendant shall supplement his responses to confirm whether any additional responsive

14

materials exist, and provide a supplemental privilege log if appropriate.

4. As to RFP #15, specifically, defendant shall provide "documentation and receipts related to property taken from plaintiff on December 19, 2014 ... if no such materials exist related to those dates, <u>defendant shall expressly confirm that fact in a sworn response.</u>" Doc. #93 at 13 (emphasis added).

Defendant Roy shall provide supplemental responses to plaintiff's requests for production, as described above, on or before **March 29, 2019**.

SO ORDERED at New Haven, Connecticut, this 11th day of March, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE