```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
JOSE AYUSO,                      :
                                 :
          Plaintiff,             :    Civil No. 3:17-cv-776(AWT)
                                 :
v.                               :
                                 :
DAVID BUTKIEWICUS,               :
                                 :
          Defendant.             :
-------------------------------- x
```

**ORDER RE DEFENDANT'S MOTION IN LIMINE**

For the reasons set forth below, the "Motion in Limine to Preclude Testimony of Non-Disclosed Expert Witness" (ECF No. 195) filed by defendant David Butkiewicus is hereby DENIED.

The defendant moves to preclude the expert testimony of Todd A. Lefkowitz, MD, which was first disclosed in August 2020. The joint trial memorandum was filed on September 1, 2020. The discovery period had ended on December 7, 2018, and the plaintiff's motion to re-open discovery for limited purposes, made on December 13, 2019, did not contemplate an expert witness.

In Outley v. City of New York, the Second Circuit identified four factors that courts should consider when determining "a proper sanction for a violation of Rule 26(e). . . , including the explanation, if any, for the failure to name the witness [or to otherwise supplement the answer], the

importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance." 837 F.2d 587, 590 (2d Cir. 1988)(brackets in original)(citations omitted). Here, consideration of the relevant factors leads the court to conclude that a response that is less drastic than preclusion is appropriate.

First, the plaintiff proceeded pro se for the majority of the discovery period. After counsel was appointed for the plaintiff, counsel promptly moved to reopen discovery for limited purposes. It was appropriate that the motion be filed promptly, but it was necessarily filed before the plaintiff's counsel had an opportunity to receive and review the medical records from UConn Health Center. Once the plaintiff's counsel received those records, he proceeded diligently to review them and look for an expert ophthalmologist. He then applied to the court for reimbursement of expenses in connection with an expert witness. After that was authorized, he then provided Dr. Lefkowitz with the materials he required to prepare a report. Dr. Lefkowitz's expert report is dated August 26, 2020. So the report was obtained from Dr. Lefkowitz within a reasonable period of time.

Second, the court agrees with the plaintiff that the importance of Dr. Lefkowitz's testimony to the plaintiff's case weighs in favor of admission. The doctor's testimony as to the

physical impact of an individual who has the plaintiff's conditions being without his eyeglasses for an extended period of time is necessary. Without such testimony, jurors would be left to reach conclusions based on their own experiences. In light of the importance of Dr. Lefkowitz's testimony, precluding it would be a particularly drastic remedy.

Third, the defendant is prejudiced, but that prejudice can be cured to a significant degree. The court will allow the defendant to depose Dr. Lefkowitz and the defendant will be permitted to proffer a rebuttal witness if he wishes to do so.

Fourth, no trial date has been set at this time because of the Covid-19 pandemic, and given the backlog of trials, granting a continuance will not disrupt the court's trial schedule.

It is so ordered.

Signed this 1st day of December 2020, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge